Freeman, J.,
delivered the opinion of the court.
This is a suit on a paper, by which the parties whose names are annexed to it promise as follows:
“We bind ourselves to pay L. A. Womack the sums annexed to our names, conditioned as follows: That, whereas, it becomes necessary that the house now occupied by the said L. A. Womack should be vacated in ten days, so that the same can be removed off of the ground it now occupies, that a depot may be erected on said ground for the benefit of the East *562 Tennessee & Virginia Railroad, said L. A. Womack does bind himself, on payment of said sum of two hundred and twenty-five dollars, to vacate said premises in ten days from date. September, 1867”
A verdict was rendered for plaintiff, from which an appeal in error is prosecuted to this court.
It is now insisted that Womack did not move off the lot in ten days, and this was a condition precedent to the liability of the. parties. We do not so •construe the contract. He only binds himself to vacate the lot on payment of the $225. It is not shown this was done or the money tendered, and a refusal by him. However, it appears that some months after, the plaintiff sold the lot to company for a depot, and paid Womack two hundred dollars. In vacating the lot as he had agreed, he handed over the subscription paper to plaintiff. This was an assignment of the paper to plaintiff, and on it he might well recover the amounts due.
We think, on the whole, the justice of the ease has been reached; and while his Honor’s charge may not be strictly accurate, the jury have found correctly, and another trial would result the same way. We therefore affirm the judgment.